UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KUMAL BURTON,**

       **Plaintiff,**       **CIVIL ACTION NO. 09-CV-10893-DT**

**vs.**

                        **DISTRICT JUDGE MARIANNE O. BATTANI**

**KAKANI, et al.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION:**   The Motion to Dismiss filed by Defendants Kakani and Prasad (docket no. 13) should be **GRANTED** to the extent that Plaintiff's conspiracy claim under 42 U.S.C. § 1983 should be dismissed, but otherwise be **DENIED.**

**II.   REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendants Kakani and Prasad on May 7, 2009.  (Docket no. 13).  Plaintiff has not responded to the motion, and the time for responding has now expired.  E.D. Mich. LR 7.1(d)(1).  This matter has been referred for all pretrial matters.  (Docket no. 7).  The Court dispenses with oral argument on this motion.  E.D. Mich. LR 7.1(e).  Defendants' motion is now ready for ruling.

    **A.   Facts and Claims**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.  Although Plaintiff's Complaint includes five counts several may be combined resulting in claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth

-1-

Amendment and conspired with Correctional Medical Services by failing to provide medical treatment to him and sought only to save CMS money. (Docket no. 1, counts 1-4). Plaintiff is also raising vaguely identified state law tort claims. (*Id*., count 5; *id*. at 2-3). Plaintiff seeks as relief damages and injunctive relief. (*Id*. at 10).

Defendant Kakani is a Physician Assistant (PA) at the Gus Harrison Correctional Facility. (Docket no. 1 at 2-3). Defendant Prasad is an M.D. at the same facility. (*Id*.). Plaintiff was incarcerated there during the events relevant to this action. (*Id*.). Plaintiff describes himself as a "youthful African American Male diagnosed with 'hydrocele', a medical condition involving an accumulation of fluid in any sack like [sic] cavity or duct." (*Id*. at 4).

Plaintiff alleges that he complained to Defendants by the institutional medical kite system beginning on April 24, 2008. (Docket no. 1 at 4). He was referred to Defendant Kakani on April 26, 2008 who referred him back to a nurse on April 29, 2008. (*Id*.). He was seen by the nurse on April 30, 2008 and transferred back to Defendant Kakani on that same day. (*Id*.). Defendant Kakani saw Plaintiff on April 30, and Plaintiff had lab work done on May 2 and May 5, 2008. (*Id*. at 5). The nurse saw Plaintiff on May 9 and May 12, 2008 for other complaints unrelated to the complaints of this action. (*Id*.).

Plaintiff further alleges that he kited health care on May 24, 2008 "regarding the severe pain in his testicle area," and he was seen by both Defendants on June 3, 2008. (*Id*.). A consult was done and an off-site ultrasound of Plaintiff's testicles was approved. (*Id*.). Plaintiff saw Defendant Kakani on June 11, 2008, and on June 13, 2008 labs were done. (*Id*.). Plaintiff again saw Defendant Kakani on July 3, 2008. Plaintiff alleges that he was scheduled to have a follow-up appointment

with Defendant Prasad, but that never occurred. (*Id*.). Plaintiff was given aspirin. (*Id*.). Defendant Kakani allegedly denied Plaintiff's request to see a doctor on June 25, 2008. (*Id*.).

On July 22, 2008 Defendant Prasad reviewed Plaintiff's ultrasound of his testicles. (*Id*.). Plaintiff says that Defendant Prasad "noted no physical findings to suggest any reoccurrence of lymphoma." (*Id*.). He told Plaintiff to check himself and inform healthcare of any physical findings. (*Id*.). Plaintiff says that he was scheduled for a follow-up in December 2008 "without any treatment for the pain and swelling in the testicle area, other than aspirins." (*Id*.). On July 30, 2008 Plaintiff allegedly requested emergency treatment from both Defendants for a severely swollen genital area which prevented him from urinating without severe pain. (*Id*. at 6). Plaintiff was eventually transferred to the Mound Correctional Facility. (*Id*. at 5).

Plaintiff claims that he exhausted his administrative remedies by filing grievance number ARF-08-070-1199-12D1. (*Id*. at 6). Plaintiff also alleges that a "lay person would easily know that a swollen testicle is a severe problem requiring treatment." (*Id*. at 7).

Defendants argue that Plaintiff's claims should be dismissed first because he has failed to properly exhaust his administrative remedies. (Docket no. 13). Defendants also argue that Plaintiff has failed to state a claim for relief based on deliberate indifference to a serious medical need, that Plaintiff's state law claims should be dismissed, and that Plaintiff has failed to state a claim for relief for conspiracy. (*Id*.).

**B.    Standard**

Defendants move to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with

Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

### C. Analysis

#### 1. Administrative Exhaustion

Defendants argue that Plaintiff failed to exhaust his administrative remedies because grievance no. ARF-2008-07-1199-12d1, the grievance by which Plaintiff claims to have exhausted his claims, fails to specifically name either Defendant Kakani or Defendant Prasad and therefore fails to give them notice of the claim. (Docket no. 13 at 17-18). The Prison Litigation Reform Act does not require that a prisoner include the name of the person being grieved. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The prisoner must follow the grievance procedures set by the state, and the grievance policy of the Michigan Department of Corrections does require the prisoner to include in his grievance the dates, times, places, and names of all those involved in the issue being grieved. (Docket no. 13-3 at 5). It is sometimes acceptable, however, for the plaintiff to exhaust remedies without identifying the person being grieved by name. *Perry v. Green*, 2009 WL 814447, slip op. at *15 (E.D. Mich. Mar. 26, 2009) (absence of name not fatal where prisoner provided enough information to identify person being grieved).

Plaintiff's step one grievance was submitted on June 28, 2008 and is captioned "DENIAL OF MEDICAL TREATMENT AND DELIBERATE INDIFFERENCE TO A MEDICAL NEED By ARF's Health Care Nurses: Physician Assistant and Doctor." (Docket no. 13-6 at 5). Plaintiff gives specific dates showing that he was grieving the same events as alleged in his Complaint which

occurred from April through June 2008. (*Id.*). The step one response speaks in terms of "the PA" and "the MD." (*Id.* at 6). The step one and two responses show that these persons, the PA and the MD, were identified although again no names are mentioned. There is no allegation that any PA and/or MD, other than Defendants, were assigned to the prison during the relevant time. Under these circumstances, the Court finds that Plaintiff substantially complied with the MDOC grievance procedures, and gave Defendants fair notice of the claims against them, by supplying sufficient information for the prison to identify Defendants as the persons being grieved. *See Perry*, 2009 WL 814447. Therefore, Defendants' argument that Plaintiff failed to properly exhaust his remedies by failing to specifically name them in the grievance is rejected.

### 2. Deliberate Indifference

Defendants next argue that Plaintiff's allegations fail to state a claim upon which relief may be granted for deliberate indifference to a serious medical need. (Docket no. 13 at 18-22). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal laws and must show that the deprivation was caused by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A claim of an Eighth Amendment violation by a prison official's deliberate indifference requires proof of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff must show that the prison official possessed a sufficiently culpable state of mind in denying medical care and that the medical need is sufficiently serious. (*Id.*). A disagreement between a physician and the prisoner regarding the course of treatment does not state a claim of deliberate indifference. *Hill v. Haviland*, 68 Fed. App'x 603, 604 (6th Cir. 2003).

The Court finds that Plaintiff has stated a claim of deliberate indifference to his serious medical need. Plaintiff alleges in his verified Complaint that he "kited health care on May 24, 2008 regarding the severe pain in his testicle area." (Docket no. 1 at 5). He was seen by both Defendants on June 3, 2008. (*Id.*). He also alleges that a lay person would easily know that a swollen testicle is a severe problem requiring treatment. (*Id.* at 7). He complains that he received no treatment except aspirin. (*Id.* at 5). Plaintiff does not specify the date that he first received aspirin, but his Complaint suggests that it was on or about July 3, 2008. (*Id.*). Plaintiff's Complaint may therefore be read to allege that he suffered from severe pain due to a swollen testicle from May 24 until July 3, 2008, or around that date, and that Defendants failed to prescribe any medication to relieve the pain during that time.

The subjective element of a deliberate indifference claim is supported by Plaintiff's allegations that both Defendants examined him and therefore knew of his swollen testicle. Plaintiff alleges that he was experiencing severe pain as a result and advised Defendants of this complaint. He alleges that a lay person would have recognized that he had a severe problem requiring treatment. Giving Plaintiff the benefit of inferences from these allegations, Defendants by these actions may have possessed a sufficiently culpable state of mind when they failed to prescribe medication for this approximate one-month period to relieve Plaintiff's suffering.[1] *See McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999) (citing cases showing that prison officials may violate the Eighth Amendment by failing to treat inmate's pain). Plaintiff's allegations are also sufficient to show that

---

[1] This is a rather narrow finding on the type of claim that Plaintiff has stated and is due to the limited scope of the claim that Plaintiff's grievance exhausted and the recognition that Defendants took action to examine Plaintiff and to diagnose his condition.

-6-

objectively his condition was sufficiently serious. Therefore, Plaintiff has stated a claim of deliberate indifference to his serious medical need against both Defendants.

### 3. Conspiracy

Defendants also argue that Plaintiff has failed to state a claim upon which relief may be granted for conspiracy under 42 U.S.C. § 1983. (Docket no. 13 at 23). A civil conspiracy is an agreement between two or more people to injure another by unlawful action. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Claims of conspiracy must be pled with some specificity; vague and conclusory allegations that are unsupported by material facts are not sufficient to state a claim under section 1983. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff claims that the acts of Defendants show a conspiracy with Correctional Medical Services to deprive him of his constitutional rights in order to save money for CMS. (Docket no. 1 at 8). This is a conclusory allegation unsupported by specific facts. It is therefore subject to dismissal for failure to state a claim under section 1983. *See Farhat*, 370 F.3d at 599.

### 4. State Law Claims

Defendants also move to dismiss Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) because all claims over which this Court has original jurisdiction should be dismissed. (Docket no. 13 at 23). However, because the Court is not recommending that all federal law claims be dismissed, the Court will not recommend dismissal of all state law claims. If Defendants move successfully for summary judgment, perhaps this disposition of the state law claims will be appropriate.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 09, 2009                             s/ Mona K. Majzoub
                                                                            MONA K. MAJZOUB
                                                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Kumal Burton and Counsel of Record on this date.

Dated: June 09, 2009                            s/ Lisa C. Bartlett
                                                    Courtroom Deputy