UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMAL BURTON,

        Plaintiff,

v.

        Case No. 09-10893

KAKANI, a physician assistant, and ANIL S. PRASAD, M.D.,

        HON. MARIANNE O. BATTANI

        Defendant.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**I.    INTRODUCTION**

Defendants filed a motion to dismiss Plaintiff Kamal Burton's complaint, (doc. 13), and the Magistrate Judge issued a Report and Recommendation ("R&R") that this Court dismiss Plaintiff's conspiracy claim, but allow Plaintiff's deliberate indifference claim and state-law tort claim to survive, (doc. 14). Now before the Court are the parties' objections to the R&R. (Docs. 15-16). Defendants object to the R&R's recommendation that this Court allow Plaintiff's deliberate indifference claim and state-law tort claim to proceed. Plaintiff objects to the R&R's recommendation that his conspiracy claim be dismissed and to a statement in the R&R concerning his state-law tort claim. For the reasons discussed below, the R&R is adopted and Defendants' Motion to Dismiss is granted in part and denied in part.

**II.    STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R.

**III.   STANDARD OF REVIEW**

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

Federal Rule of Civil Procedure 12(b)(6) permits a district court to dismiss a complaint that "fail[s] to state a claim upon which relief may be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true." Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993).

**IV.   ANALYSIS**

   *A.   Exhaustion*

Defendants object that Plaintiff's deliberate indifference claim should be dismissed because he failed to exhaust his administrative remedies regarding that claim.  In particular, they contend that although Plaintiff filed a grievance relating to his medical care, he did not name Defendants in the grievance and, therefore, he did not properly exhaust his claim.

The exhaustion provision of the Prison Litigation Reform Act of 1995 ("PLRA"), states,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Congress imposed this exhaustion requirement both to give corrections officials the opportunity to address complaints internally and to reduce the quantity and improve the quality of prisoner suits in federal court.  Woodford v. Ngo, 548 U.S. 81, 93-95 (2006).  The U.S. Supreme Court has held that the administrative remedies must be properly exhausted, which "demands compliance with an agency's deadlines and other critical procedural rules."  Id. at 90, 93.  In Jones v. Bock, 549 U.S. 199, 218 (2007), the Supreme Court went on to state, "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Accordingly, the Supreme Court held that grievances were "not *per se* inadequate simply because an individual later sued was not named in

3

the grievances" where the applicable policy from the Michigan Department of Corrections ("MDOC") did not require grievances to specifically name the individuals against whom the grievance was being filed. Bock, 549 U.S. at 219.

The MDOC policy addressed in Bock only required prisoners to be as specific as possible in their grievances. Id. at 218. That policy has been amended, however, such that it now states, "Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, *and names* of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130(R) (effective July 9, 2007) (emphasis added) (attached to doc. 13, Defendants' Motion to Dismiss).

The Magistrate Judge found that Burton exhausted his administrative remedies because although his grievance did not provide Defendants' names, it "gave Defendants fair notice of the claims against them, by supplying sufficient information for the prison to identify Defendants as the persons being grieved." (Doc. 14 at 5). Defendants object that Burton's grievance was inadequate because MDOC Policy Directive 03.02.130(R) specifically required him to provide the name of each individual against whom the grievance was filed. Although Burton did not provide the Defendants' names in his grievance, the Court finds that he did substantially comply with this requirement by providing sufficient information for the prison to easily determine that Defendants were the persons being grieved.

Burton's grievance indicated that he had "kited Health Care regarding a serious medical need" on April 22, June 10, and June 25, 2008. In addition, his grievance indicated that "the P.A." and "the Doctor" were deliberately indifferent to his medical

4

need. As the Magistrate Judge noted, Defendants have not alleged that any PA or doctor, other than Defendants, were assigned to the prison at the time. Furthermore, the step one and step two responses to Burton's grievance show that prison officials identified the PA and the doctor.

Furthermore, to the extent that MDOC Policy Directive 03.02.130(R) can be read to bar grievances that provide sufficient information to allow easy identification of the individuals being grieved but fail to provide the individuals' names, the Court finds that such a requirement is not "critical" and, therefore, compliance with that requirement is not necessary for exhaustion under the PLRA. See Woodford, 548 U.S. at 90 (indicating that proper exhaustion demands compliance with an agency's "critical procedural rules"). Thus, because Burton's grievance provided sufficient information based upon which the prison could easily identify the individuals being grieved, it served to exhaust Burton's claims against those individuals despite the fact that the individuals' names were not included in the grievance. See Perry v. Green, No. 08-12740, 2009 WL 814447 at *15 (E.D. Mich. Mar. 26, 2009). Accordingly, Defendants' argument that Plaintiff failed to properly exhaust his administrative remedies fails.

    B.    *Deliberate Indifference Claim*

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the violation of a constitutional right, and (2) show that the violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Under the Eighth Amendment, prison officials may not be deliberately indifferent to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 103 (1976).

"Deliberate indifference" has both an objective and a subjective component. Perez v. Oakland County, 466 F.3d 416, 423 (6th Cir. 2006). In order to establish the subjective component, the Plaintiff must present evidence that the prison official was subjectively aware of, and disregarded, the risk of harm to the prisoner. Id. at 424. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer v. Brennan, 511 U.S. 825, 842 (1994). But, a prison official who was not aware of a substantial risk of harm may not be held liable under the Eighth Amendment, even if the risk was obvious and a reasonable official would have noticed it. Id. at 841-42. Likewise, "a difference of opinion between a prisoner and a physician regarding treatment of a condition does not support an Eighth Amendment claim." Hill v. Haviland, 68 Fed. Appx. 603, 604 (6th Cir. 2003) (citing Estelle, 429 U.S. at 107).

The Magistrate Judge noted that Burton kited Health Care on May 24, 2008 regarding the severe pain in his testicle area. He was then seen by both Defendants on June 3, 2008. His complaint states that a lay person would easily know that a swollen testicle is a severe problem requiring treatment, but that it was not until July 3, 2008, that Defendants first gave him aspirin for his pain. The Magistrate concluded that these allegations constituted a claim that Defendants were deliberately indifferent to his pain.

Defendants first object that Burton's complaint suggests that his pain was always treated because aspirin was given at all times. The Court finds, however, that Burton's

6

complaint alleges that he was not given any aspirin until July 3, 2008, which was over a month after he first complained of pain. As such, this objection fails.

Defendants also object Burton's allegations do not show that his May 24, 2008, medical kite's complaints of testicle pain were communicated to Defendants when they saw him in response to the medical kite on June 3, 2008. This argument fails because it may be safely inferred from the complaint that Defendants were advised of Burton's May 24 complaint of testicle pain when they saw him in response to that complaint on June 3. See Allard, 991 F.2d at 1240.

Finally, Defendants object that they were not deliberately indifferent to Burton's condition because their care of Burton included numerous examinations, diagnoses, pain medication, lab work, a testicular ultrasound, and instructions on self-examination and monitoring. As such, Defendants contend that Burton's allegations consist of nothing more than a difference of medical opinion between Burton and Defendants, which is insufficient to make out a constitutional claim.

According to the complaint, between May 24 and July 3, 2008, Defendants saw Burton at least two times, obtained approval for an off-site consultation, and had laboratory tests and a testicular ultrasound performed. These allegations indicate that Defendants were not deliberately indifferent to the risk of harm that Burton was subject to as a result of his swollen testicle. See Hill, 68 Fed. Appx. at 604. Nevertheless, Burton's allegations do support a claim that Defendants were deliberately indifferent to his pain during this period because they did not provide him with any medication to relieve his pain. See McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999) (stating that a failure, or delay, in treating pain is a constitutionally cognizable injury under the

7

Eighth Amendment). Accordingly, construing the complaint in Burton's favor, he has adequately alleged that Defendants were deliberately indifferent to his medical needs when they failed to treat his pain from May 24 until July 3, 2008.

### C. Conspiracy

The Magistrate Judge determined that Burton's conspiracy claim should be dismissed because it consisted of a conclusory allegation unsupported by specific facts. Burton objects to this determination solely "to preserve this claim for further review in this Court, as well as for appellate review; upon seeking appointed counsel and in light of a trial taking place." As Burton has not provided any basis for concluding that the Magistrate Judge erred, the Court adopts the Magistrate Judge's determination on this issue and dismisses this claim.

### D. State Law Tort Claims

The Magistrate Judge concluded that Burton raised vaguely identified state law tort claims in Count 5 of his complaint. Defendants object that this claim should be considered an additional claim of deliberate indifference. In Count 5, Burton claims that Defendants "failed to take reasonable steps to abate" his pain and that their conduct was criminally reckless. This claim does not constitute an additional deliberate indifference claim because conduct that is unreasonable or reckless does not rise to the level of deliberate indifference. Such conduct may, however, constitute a claim under state law. See, e.g., Gonzalez v. St. John Hosp. & Med. Ctr., 275 Mich. App. 290, 294 (2007). Accordingly, the Court will not dismiss this claim.

Burton objects to the Magistrate's statement that, "[i]f Defendants move successfully for summary judgment perhaps this disposition of the state law claims will be appropriate." This statement is not the basis for any finding or recommendation by the Magistrate Judge. Therefore, this statement has no affect on the Court's decision to grant in part and deny in part Defendants' Motion to Dismiss. As such, Burton's objection is immaterial.

### V.   CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R. Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, and Burton's conspiracy claim under 42 U.S.C. § 1983 (Count 4) is **DISMISSED**.

**IT IS SO ORDERED.**

```
                                    s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE
```
DATED: September 23, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

```
                                    s/Bernadette M. Thebolt
                                    DEPUTY CLERK
```