UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMAL BURTON,

        Plaintiff,

v.

KAKANI, a physician assistant, and ANIL S. PRASAD, M.D.,

        Defendant.

_____/

Case No. 09-10893

HON. MARIANNE O. BATTANI

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

### I.    INTRODUCTION

Before the Court is Defendants' Motion for Reconsideration of the Court's September 23, 2009 Opinion and Order.  (Doc. 24; see doc. 22).  In their motion, Defendants contend that the Court erred by concluding that Plaintiff had made a valid state law claim of criminal recklessness.  Defendants also reiterated their prior claim that this count of Plaintiff's complaint was only a deliberate indifference claim.

Pursuant to E.D. Mich. LR 7.1(g)(3), a movant may obtain relief through a motion for reconsideration if it demonstrates that (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case.  A "palpable defect" is an error "which is obvious, clear, unmistakable, manifest, or plain." Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001).

As an initial matter, the Court's prior opinion did not conclude that Plaintiff's complaint set forth a valid claim of criminal recklessness. Instead, the Court merely concluded that the allegations contained in Plaintiff's complaint – which are to be construed liberally due to Plaintiff's *pro se* status – may be sufficient to make out a state law tort claim. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Thus, dismissal at this stage of the litigation would be premature. As the Court has not held that Plaintiff made out a valid claim of criminal recklessness, Defendant's arguments are inapposite.

To the extent Defendants reiterate their prior contention that this claim is only an additional deliberate indifference claim, the Court has already considered and rejected this argument. See Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F.Supp. 1216, 1219-20 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations omitted)).

Accordingly, the Court **DENIES** Defendants' Motion for Reconsideration.

**IT IS SO ORDERED.**

                                           s/Marianne O. Battani
                                           MARIANNE O. BATTANI
                                           UNITED STATES DISTRICT JUDGE

DATED: February 2, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

                                           s/Bernadette M. Thebolt
                                           DEPUTY CLERK