UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUMAL BURTON,

        Plaintiff,

v.

        Case Number: 09-10893

        HON. MARIANNE O. BATTANI

SAVITHRI KAKANI and ANIL PRASAD,

        Defendants.
_____/

OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO STRIKE, OVERRULING THE PARTIES'
OBJECTIONS, AND ADOPTING THE REPORT AND RECOMMENDATION

Before the Court are the parties' objections (Doc. 65; Doc. 67) to the Magistrate Judge's March 30, 2011 Report and Recommendation ("R&R") and Plaintiff's motion to strike Defendants' objections (Doc. 66). In the R&R (Doc. 62), the Magistrate Judge recommended that the Court grant Defendants' motion for summary judgment (Doc. 52) and dismiss Plaintiff's complaint. For the reasons that follow, the Court **DENIES** Plaintiff's motion to strike, **OVERRULES** the parties' objections, and **ADOPTS** the R&R.

**I.  STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. See (Doc. 62 at 2-4).

**II.  PROCEDURAL HISTORY**

On March 10, 2009, Plaintiff Kumal Burton, a prisoner incarcerated in the Michigan Department of Corrections, filed a *pro se* civil rights action under 42 U.S.C. § 1983 and

1

related state law against Defendants Savithri Kakani, a physician assistant, and Anil Prasad, a medical doctor. (Doc. 1). The Court referred the case to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. (Doc. 7).

On May 7, 2009, Defendants filed a motion to dismiss as their first responsive pleading. (Doc. 13). On June 9, 2009, Magistrate Judge Majzoub filed a R&R in which she found that (1) Plaintiff properly exhausted his administrative remedies before filing his complaint; (2) the complaint stated a colorable "deliberate indifference" claim under the Eighth Amendment; (3) the complaint did not state a viable conspiracy claim, and (4) since Plaintiff sufficiently stated a federal claim, the Court should not dismiss the related state law claims. (Doc. 14). Both parties filed timely objections to the R&R. (Doc. 15; Doc. 16) On September 23, 2009, the Court overruled the parties' objections, adopted the R&R, and granted in part and denied in part Defendants' motion to dismiss. (Doc. 22).

On August 31, 2010, Defendants filed a motion for summary judgment on the remaining claims. On March 30, 2011, the Magistrate Judge issued a R&R in which she recommended that, based upon the record at the close of discovery, and assuming that Plaintiff had established the objective element of his deliberate indifference claim, the Court should grant Defendants' motion because no reasonable jury could find in Plaintiff's favor with respect to the subjective element of the claim. (Doc. 62).

Both parties filed timely objections to the March 30, 2011 R&R. (Doc. 65; Doc. 67). Plaintiff also filed a motion to strike Defendants' objections. (Doc. 66). The parties' objections and Plaintiff's motion to strike are now before the Court.

### III. STANDARD OF REVIEW

#### A. Objections to a Report and Recommendation

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

3

**B.     Rule 56**

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The Court "must lend credence" to the non-moving party's interpretation of the disputed facts.  Marvin v. City of Taylor, 509 F.3d 234, 238 (6th Cir. 2007) (citing Scott v. Harris, 127 S.Ct. 1769, 1775 (2007)).  The non-moving party may not rest upon its mere allegations, but rather must set out specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(c)(1). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice.  Rather, there must be evidence on which the jury could reasonably find for the non-moving party.  Hopson v.DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

## IV.   ANALYSIS

### A.   Plaintiff's Motion to Strike Defendants' Objection

Plaintiff argues the Court should strike Defendants' objection to the March 30, 2011 R&R on the basis that they did not file timely objections to the June 9, 2009 R&R. (Doc. 71 at 1, ¶ 2 "Plaintiff clearly moved to strike based on the Defendants' failure to file timely objections to the Magistrate's Report and Recommendation issued on June 9, 2009"). Although Plaintiff's position is not entirely clear, it appears his argument is based on the proposition that the Court should treat Defendants' "Specific Objection to Magistrate Judge Majzoub's Report and Recommendation Filed on March, 30 2011" (Doc. 65) as an untimely objection to the June 9, 2009 R&R. Id. at ¶ 3.

The Court declines to strike Defendants' objection on the above grounds. First, the Court notes that Defendants' filed *timely* objections to the June 9, 2009 R&R on June 22, 2009. (Doc. 15). Second, assuming Defendants' June 22 objections were not timely filed, an untimely objection to the June 9, 2009 R&R provides no basis to strike Defendants' timely objection to the subsequent March 30, 2011 R&R. Third, Defendants' April 15, 2011 objection is unambiguously directed at the March 30, 2011 R&R, not the June 9, 2009 R&R. Finding no legitimate basis to strike Defendants' objection set forth in Plaintiff's motion to strike, the Court denies the motion.

### B.   Defendants' Objection

Defendants agree with the R&R's ultimate recommendation that the Court should grant their motion for summary judgment. However, they object to the portion of the R&R

5

in which the Magistrate Judge "accept[ed] for purposes of this motion that Plaintiff had a serious medical need" so as not to waive any right to appeal. (Doc. 65 at 4).

The Court finds no error in the Magistrate Judge's assumption and overrules the objection. A Section 1983 "deliberate indifference" claim has an objective element and a subjective element. Jones v. Muskegon County, 625 F.3d 935, 941 (6th Cir. 2010). The objective element requires a plaintiff to establish the existence of a "sufficiently serious" medical need. Id. (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A "sufficient serious" medical need as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008)). Additionally, "the seriousness of a prisoner's medical needs 'may also be decided by the effect of delay in treatment.'" Blackmore v. Kalamazoo County, 390 F.3d 890, 898 (6th Cir. 2004) (quoting Hill v. Dekalb Reg'l Youth Det. Center, 40 F.3d 1176, 1188 (11th Cir. 1994)).

The subjective element requires "an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care." Jones, 625 F.3d at 941 (quoting Blackmore, 390 F.3d at 895). Prison officials have a "sufficiently culpable state of mind" when they act with "deliberate indifference" to an inmates serious medical need. Farmer, 511 U.S. at 834. To establish a prison official's "deliberate indifference," a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk. Jones, 625 F.3d at 941 (citing Farmer, 511 U.S. at 837).

6

In this case, the Magistrate Judge recommended that the Court grant Defendants' motion for summary judgment because Plaintiff lacked sufficient proofs to establish a genuine issue of material fact on the subjective element. (Doc. 62 at 6). The Magistrate Judge bypassed a discussion of the objective element by assuming that Plaintiff had enough proof to establish a "serious medical need." Defendants' maintain that by not addressing the merits of their arguments on that element, the Magistrate Judge impermissibly assumed that it was established. Defendants' ask the Court to vacate that portion of the R&R because there is no evidence to support the Magistrate Judge's assumption. Specifically, Defendants contend Plaintiff cannot establish he had a "serious medical need" because he has failed to produce any evidence showing that he had anything other than a hydrocele,[1] or demonstrating that a hydrocele is anything other than a benign, painless condition that requires no treatment and typically resolves on its own.

The Magistrate Judge did not err because the Court finds that Plaintiff had established a fact question on the objective element. The record shows Plaintiff complained of various pains on April 24, 2008, May 12, 2008, May 24, 2008, and June 3, 2008. (Doc. 54 Ex. B at 171, 177, 180, 201). Prison officials objectively confirmed Plaintiff's pain, as well as his complaints relating to his enlarged right testicle. (Id. at 151-52, 166, 171, 192, 198). Courts have regularly held that pain can be a "sufficiently serious" medical need for purposes of a deliberate indifference claim. See Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (recognizing that "a prisoner who suffers pain

---

[1] In her declaration, Defendant Kakani stated that a hydrocele is a fluid-filled sac surrounding the testicle that may result in swelling of the scrotum and is usually painless and not harmful. (Doc. 52 Ex. C at 5). She also explained that hydroceles typically resolves on their own and generally do not require treatment. Id.

needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering."); Ralston v. McGovern, 167 F.3d 1160, 1162 (7th Cir. 1999) (reversing grant of summary judgment to prison guard who failed to provide pain medication to inmate); McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999) ("[P]rison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain."); Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997) (finding that "substantial back pain" was a serious medical need). Plaintiff's verified accounts of pain, when coupled with his undisputed history of sarcoidosis and Hodgkin's Lymphoma (Doc. 54 Ex. B at 219), suggest that a reasonable juror could conclude that his pain was a "sufficiently serious" medical need.

Moreover, as the Court found in its September 23, 2009 Opinion and Order, the essence of Plaintiff's deliberate indifference claim is Defendants' failure to treat his pain, not their failure to diagnose his swollen testicle. (Doc. 22 at 7). Defendants' conclusion that Plaintiff had a harmless hydrocele does not prevent Plaintiff from creating a fact question on whether his pain during the relevant period rose to the level of a "sufficiently serious" medical need. Accordingly, the Magistrate Judge did not err in assuming that Plaintiff had established a "serious medical need" for the purposes of Defendants' motion.

### C. Plaintiff's Objections

Plaintiff's objections revolve around the idea the March 30, 2011 R&R contradicts the June 9, 2009 R&R. (Doc. 67 at 3-8). He explains the Magistrate Judge incorrectly recommended that summary judgment be entered in favor of Defendants because she previously found in the June 9, 2009 R&R that the complaint sets forth sufficient allegations to state a deliberate indifference claim upon which relief can be granted. Plaintiff

fundamentally misunderstands the difference between a Rule 12(b)(6) motion to dismiss for failure to state a claim and a Rule 56 motion for summary judgment.

In facing a motion to dismiss under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). This is far different than the standard of proof necessary for a party to survive his opponent's Rule 56 motion for summary judgment. "Such a motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009) (quoting Anderson, 477 U.S. at 251-52).

Stating a viable claim under Rule 12(b)(6) and proffering sufficient evidence to defeat a Rule 56 motion on that claim are two entirely different tasks. Given the divergent standards of review, Plaintiff cannot use the findings in the June 9, 2009 R&R to contradict or challenge the March 30, 2011 R&R. Except for impermissibly comparing the two R&Rs, Plaintiff offers no other objection to the Magistrate Judge's finding that there is insufficient evidence to support the subjective element of his deliberate indifference claim. Accordingly, the Court adopts the Magistrate Judge's conclusions.

Plaintiff also advances a previously rejected objection to the June 9, 2009 R&R in his instant objections. (Doc. 67 at 8). The Court has already disregarded this objection as

9

immaterial in its September 23, 2009 Opinion and Order and will address it no further. (Doc. 22 at 9).

## V.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to strike (Doc. 66), **OVERRULES** the parties' objection (Doc. 65; Doc. 67), **ADOPTS** the Magistrate Judge's March 30, 2011 R&R (Doc. 62), and therefore, **GRANTS** Defendants' motion for summary judgment (Doc. 52).

**IT IS SO ORDERED.**

s/Marianne O. Battani<br>MARIANNE O. BATTANI<br>UNITED STATES DISTRICT JUDGE

DATED: August 3, 2011


## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt<br>Case Manager